Liza M. Walsh
Hector D. Ruiz
Katelyn O'Reilly
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Boulevard, Suite 600
Newark, New Jersey 07102
Tel.: (973) 757-1100
Fax: (973) 757-1090

Tonia A. Sayour
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525

*Attorneys for Plaintiff Telebrands Corp.*
*(additional counsel listed on signature page)*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

————————————————————— X

TELEBRANDS CORP.,                         :
                                          :
                    Plaintiff,            :   Civil Action No.
                                          :
          v.                              :   **JURY TRIAL DEMANDED**
                                          :
ILLINOIS INDUSTRIAL TOOL, INC.,           :
                                          :
                    Defendant.            :
————————————————————— X

**COMPLAINT**

Plaintiff Telebrands Corp. ("Telebrands" or "Plaintiff"), for its Complaint against

Defendant Illinois Industrial Tool, Inc. ("IIT"), alleges as follows:

**THE PARTIES**

1.      Telebrands Corp. is a corporation organized and existing under the laws of the State

of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey 07004.

2.      On information and belief, Defendant IIT is a corporation organized and existing under the laws of the State of Illinois and having a principal place of business at 530 W North Front Age Rd., Bolingbrook, IL 60400.

## NATURE OF CLAIMS, JURISDICTION AND VENUE

3.      This action arises under the Patent Laws of the United States (35 U.S.C. §1 *et seq.*).

4.      Jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331, 1332, 1338(a) and (b), and 1400.

5.      On information and belief, IIT regularly transacts and/or solicits business within this Judicial District and has purposefully availed itself of the privilege of conducting business in this Judicial District.  Accordingly, this Court has personal jurisdiction over IIT.

6.      Venue is proper within this Judicial District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## BACKGROUND

7.      Telebrands is a direct marketing company and, since 1983, has been engaged in the business of marketing and selling a wide variety of consumer products in this Judicial District and elsewhere, principally through direct response advertising and through national retail stores. Telebrands is one of the recognized leaders in the direct response television marketing industry.

8.      Telebrands developed a novel and innovative line of decorative lighting products, which it markets and sells under the trademark STAR SHOWER®.  Telebrands introduced the original STAR SHOWER® product for the 2015-2016 holiday season, and it was an instant success.  In view of the original STAR SHOWER® product's success, Telebrands subsequently introduced the STAR SHOWER MOTION™ product and the STAR SHOWER PATRIOT™ products.  STAR SHOWER PATRIOT™ expanded on the original STAR SHOWER® by

introducing new colored lights, and STAR SHOWER MOTION™ introduced the ability to move the points of light in patterns.

9.     Telebrands' innovative STAR SHOWER® products provide a convenient and safe alternative to setting up string lights as decorative lighting for a house or other building.  A user can simply plug the STAR SHOWER® product into an outlet, and the product produces thousands of discrete points of lights, thereby allowing the user to avoid the danger, hassles, and the time of hanging and setting up strands of string lights on a house.

10.    Telebrands has invested significant resources in the sale and marketing of the STAR SHOWER® line of products.   Since its introduction, the STAR SHOWER® line of products has been successful.   During the 2015-2016 holiday season, Telebrands sold several million units of the product.  In view of the success of the STAR SHOWER® line of products, knock-off and imitation products have flooded the market.

11.    The STAR SHOWER product includes many unique and innovative features, including its unique and distinctive ornamental design.  In addition to the distinctive ornamental design of the STAR SHOWER product as a whole, various features of the STAR SHOWER product also have a unique and distinctive ornamental design.  For example, the leg of the STAR SHOWER product has its own distinctive and unique new, non-obvious ornamental design, which is the subject of U.S. Design Patent No. D765,906 ("the D'906 Patent"), which was duly and legally issued on September 6, 2016.  Telebrands is the assignee and the owner of all right, title, and interest in and to the D'906 Patent.  A true and correct copy of the D'906 Patent is attached as Exhibit A.  The D'906 Patent is valid and subsisting.

12.    The STAR SHOWER® product also is covered by U.S. Patent No. 9,546,775 ("the '775 Patent"), entitled "Decorative Lighting Apparatus Having Two Laser Light Sources," which

was duly and legally issued on January 17, 2017.  Telebrands is the assignee and the owner of all

right, title, and interest in and to the '775 Patent.  A true and correct copy of the '775 Patent is

attached as Exhibit B.  The '775 Patent is valid and subsisting.

13.     The '775 Patent generally relates to a decorative lighting apparatus.  Representative

claim 1 of the '775 Patent recites:

> A laser light decorative lighting apparatus, comprising:
>     a first laser light source generating a first light;
>     a second laser light source generating a second light; and
>     a motion assembly including:
>         at least one articulating optical element disposed in a first path of
>     the first light being generated by the first laser light source and a second
>     path of the second light being generated by the second laser light source;
>     and
>         at least one motor coupled to the at least one articulating element
>     such that a movement generated by the motor drives the at least one
>     articulating optical element,
>     the motion assembly being configured such that the movement driving
> articulating optical element by the motor causes the first light and the second light
> to move across a surface onto which the first light and the second light are being
> projected in a predetermined pattern.

## **Defendant's Acts Of Infringement**

14.     On information and belief, without Telebrands' authorization, IIT has made, used,

sold, offered for sale, and/or imported into the United States and continues to make, use, sell, offer

for sale, and/or import into the United States infringing decorative lighting products under the

name STARGAZER LASER LIGHT PROJECTOR ("the Infringing Product") throughout the

United States and within this Judicial District.  The Infringing Product infringes at least one claim

of the '775 Patent and has a design that is covered by the D'906 Patent.

15.     On information and belief, IIT offers its Infringing Product for sale throughout the

United States and within this Judicial District.

16.     The Infringing Product embodies the invention of the '906 Patent, as shown in the

comparison tables below.

| '906 Patent | IIT's STARGAZER LASER LIGHT PROJECTOR |
|---|---|
|  | |

| '906 Patent | IIT's STARGAZER LASER LIGHT PROJECTOR |
|---|---|



| '906 Patent | IIT's STARGAZER LASER LIGHT PROJECTOR |
|---|---|



| '906 Patent | IIT's STARGAZER LASER LIGHT PROJECTOR |
|---|---|



| '906 Patent | IIT's STARGAZER LASER LIGHT PROJECTOR |
|---|---|
|  | |

17.     The ornamental design of the leg of IIT's Infringing Product has substantially the same design as the claimed design of the D'906 Patent.  As shown in the tables above, an ordinary observer would find that the ornamental design of the leg of IIT's Infringing Product is substantially the same as the claimed design of the D'906 Patent.

18.     IIT's Infringing Product also infringes at least claims 1, 5, and 15 of the '775 Patent. For example, IIT's Infringing Product includes, *inter alia*, first and second laser light sources, a switch, and an attenuation assembly.  The attenuation assembly includes first and second members coupled together, forming recesses that are designed and dimensioned to hold the attenuators in the paths of the light generated by the first and second laser light sources, such that the attenuators scatter the light passing through the attenuators as it is projected onto a surface.  In addition, IIT's Infringing Product also includes a motion assembly including an articulating element configured

9

to secure an optical element in the path of the light generated by the first and second laser light sources and a motor coupled to the articulating element such that a movement generated by the motor is imparted to the optical element so that the light passing through the optical element is articulated as it is projected onto a surface.

19. IIT's Infringing Product directly competes with Telebrands' STAR SHOWER line of products. On information and belief, IIT's adoption of the invention claimed in the D'906 Patent and the '775 Patent is deliberate and intentional and with full knowledge of Telebrands' rights.

## <u>COUNT 1 – PATENT INFRINGEMENT OF U.S. PAT. NO. D765,906</u>

20. Telebrands repeats and realleges the allegations set forth in paragraphs 1-19 above, as though fully set forth herein.

21. This cause of action arises under Section 35 of the Patent Laws of the United States, 35 U.S.C. § 271.

22. The D'906 Patent is valid and enforceable.

23. By the acts alleged above, IIT has committed acts of infringement of the D'906 Patent, and continues to commit such acts of infringement, by making, using, selling, offering for sale, and/or importing into the United States, the Infringing Product having a design that infringes directly or indirectly, the claim of the D'906 Patent without Telebrands' authorization or consent.

24. On information and belief, IIT has contributed to the infringement of the D'906 Patent and/or actively induced others to infringe the D'906 Patent by encouraging, marketing, and promoting the use, manufacture, importation, offer for sale, and sale of the Infringing Product.

25. IIT has been put on notice of the D'906 Patent at least as early as the filing of the Complaint in this Action.

26.     As a direct and proximate cause of IIT's direct and/or indirect infringement, as alleged above, Plaintiff has suffered damages.  IIT is liable to Plaintiff for the amount of any such damages.

27.     IIT will, on information and belief, continue to infringe upon Telebrands' rights under § 271 of the Patent Act, unless and until it is enjoined by this Court.  Telebrands has been and is likely to continue to be irreparably injured unless IIT is enjoined.  Telebrands has no adequate remedy at law.

<u>**COUNT 2 – PATENT INFRINGEMENT OF U.S. PAT. NO. 9,546,775**</u>

28.     Telebrands repeats and realleges the allegations set forth in paragraphs 1-27 above, as though fully set forth herein.

29.     This cause of action arises under Section 35 of the Patent Laws of the United States, 35 U.S.C. § 271.

30.     The '775 Patent is valid and enforceable.

31.     By the acts alleged above, IIT has committed acts of infringement of the '775 Patent, and continues to commit such acts of infringement, by making, using, selling, offering for sale, and/or importing into the United States, the Infringing Product that infringes, directly or indirectly, one or more claims of the '775 Patent without Telebrands' authorization or consent.

32.     On information and belief, IIT has contributed to the infringement of the '775 Patent and/or actively induced others to infringe the '775 Patent by encouraging, marketing, and promoting the use, manufacture, importation, offer for sale, and sale of the Infringing Product.

33.     IIT has been put on notice of the '775 Patent at least as early as the filing of the Complaint in this Action.

34.     As a direct and proximate cause of IIT's direct and/or indirect infringement, as

alleged above, Plaintiff has suffered damages.  IIT is liable to Plaintiff for the amount of any such damages.

35.     IIT will, on information and belief, continue to infringe upon Telebrands' rights under § 271 of the Patent Act, unless and until it is enjoined by this Court.  Telebrands has been and is likely to continue to be irreparably injured unless IIT is enjoined.  Telebrands has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment:

a)      Entering judgment in Telebrands' favor and against IIT on all claims;

b.      Adjudging and decreeing that IIT has unlawfully infringed, contributorily infringed and/or induced infringement of the D'906 Patent and the '775 Patent;

c.      Preliminarily and permanently enjoining IIT, its officers, agents, servants, employees and attorneys and all those in active concert or participation with any of them:

1.   from infringing the D'906 Patent and the '775 Patent; and

2.   from making, using, importing, distributing, advertising, promoting, selling, or offering for sale the Infringing Product, or any other decorative lighting product substantially similar to the design claimed in the D'906 Patent and/or infringing any claim of the '775 Patent.

d.      Requiring IIT to pay Telebrands any damages Telebrands has suffered arising out of and/or as a result of IIT's patent infringement, including Telebrands' lost profits, IIT's profits, and/or reasonable royalties for IIT's patent infringement, and any other relief provided for in 35 U.S.C. §§ 284 and 289;

e.      Awarding Telebrands its reasonable attorneys' fees because of the exceptional

nature of this case, pursuant to 35 U.S.C. § 285;

      f.      Requiring IIT to pay to Telebrands enhanced damages due to the exceptional nature of this case; and

      g.      Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Telebrands Corp. requests a trial by jury in this matter.


Respectfully submitted,

Dated: May 12, 2017                          By: *s/Liza M. Walsh*_____
                                             Liza M. Walsh
                                             Hector D. Ruiz
                                             Katelyn O'Reilly
                                             WALSH PIZZI O'REILLY
                                             FALANGA LLP
                                             One Riverfront Plaza
                                             1037 Raymond Blvd., Suite 600
                                             Newark, New Jersey 07102
                                             Tel.: (973) 757-1100
                                             Fax: (973) 757-1090

                                             Tonia A. Sayour
                                             COOPER & DUNHAM LLP
                                             30 Rockefeller Plaza
                                             New York, New York 10112
                                             Tel.: (212) 278-0400
                                             Fax: (212) 391-0525
                                             tsayour@cooperdunham.com

                                             Robert T. Maldonado (to be admitted
                                             *pro hac vice*)
                                             COOPER & DUNHAM LLP
                                             30 Rockefeller Plaza
                                             New York, New York 10112
                                             Tel: (212) 278-0400
                                             Fax: (212) 391-0525
                                             rmaldonado@cooperdunham.com

                                             *Attorneys for Plaintiff Telebrands
                                             Corp.*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is related to the following actions:

1. The action filed on April 26, 2017 and pending in the United States District Court for the District of New Jersey: *Telebrands Corp., et al. v. Everstar Merchandise Co., Ltd.*, No. 2:17-cv-2878 (JLL)(JAD);

2. The action filed on May 11, 2017 and pending in the United States District Court for the District of New Jersey: *Telebrands Corp. v. 1byone Products (Delaware) Inc.*; and

3. The action filed on May 11, 2017 and pending in the United States District Court for the District of New Jersey: *Telebrands Corp. v. Seasonal Specialties LLC*.


Dated: May 12, 2017

Respectfully submitted,

By: *s/ Liza M. Walsh*
Liza M. Walsh
Hector D. Ruiz
Katelyn O'Reilly
WALSH PIZZI O'REILLY
FALANGA LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, New Jersey 07102
Tel.: (973) 757-1100
Fax: (973) 757-1090

Tonia A. Sayour
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525
tsayour@cooperdunham.com

Robert T. Maldonado (to be

admitted *pro hac vice*)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 278-0400
Fax: (212) 391-0525
rmaldonado@cooperdunham.com

*Attorneys for Plaintiff Telebrands
Corp.*

## LOCAL CIVIL RULE 201.1 CERTIFICATION

Pursuant to Local Civil Rule 201.1, Telebrands, through its attorneys, certifies that the above captioned matter is not subject to compulsory arbitration.

Dated: May 12, 2017

Respectfully submitted,

By:*s/ Liza M. Walsh*
Liza M. Walsh
Hector D. Ruiz
Katelyn O'Reilly
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 600
Newark, New Jersey 07102
Tel.: (973) 757-1100
Fax: (973) 757-1090

Tonia A. Sayour
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525
tsayour@cooperdunham.com

Robert T. Maldonado (to be admitted *pro hac vice*)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 278-0400
Fax: (212) 391-0525
rmaldonado@cooperdunham.com

*Attorneys for Plaintiff Telebrands Corp.*